UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE R. WHITE,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　)　　Case No. 1:05-cv-524
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Honorable Richard Alan Enslen
　　　　　　　　　　　　　　　　　)
CARMEN D. PALMER,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)
_____)

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner fails to raise a meritorious federal claim.

**Discussion**

I.  Factual allegations

Petitioner is currently incarcerated in the Deerfield Correctional Facility. Petitioner was sentenced by the Circuit Court of Clare County to a term of imprisonment of seven and a half to thirty years for First Degree Criminal Sexual Assault. The present habeas petition does not concern Petitioner's criminal conviction. Petitioner is challenging the Michigan Parole Board's decision denying his parole on July 28, 2004. At the time Petitioner's parole was denied, he had served more than his minimum sentence. Petitioner states his claim as follows:

> THE ARBITRARY AND UNREASONABLE ACTIONS OF THE MICHIGAN PAROLE BOARD IN FAILING TO ARTICULATE A SUBSTANTIAL AND COMPELLING REASON FOR DENYING PETITIONER PAROLE VIOLATED PETITIONER'S RIGHT, AS A HIGH PROBABILITY POTENTIAL PAROLEE, TO THE DUE PROCESS OF LAW GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.233(e)(5). The Parole Board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reasons stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). Petitioner scored +8 under the parole guidelines which placed him in the "high probability" range for parole. Petitioner contends that the mandatory language of MICH. COMP. LAWS § 791.233(e)(6) creates a liberty interest in parole for prisoners who score as having a high probability of parole. Petitioner claims that the Parole Board failed to provide a "substantial and compelling reason" for departing from the parole guidelines in violation of his due process rights. For relief, Petitioner seeks release on parole.

In denying Petitioner's parole, the Board provided the following substantial and compelling reason for departing from the parole guidelines: "[d]uring his PBI P was unable to demonstrate the necessary insight into his sexually deviant behavior to lower his risk to society. P's minimization of crime and tendency to blame V does not provide the assurance that P's risk has been lowered." The Parole Board also noted that Petitioner's offense involved a child victim who was a family member or acquaintance, and violated a position of trust or authority. The Board further noted that Petitioner minimized his responsibility and expressed little or no remorse.

II. Exhaustion of State Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner correctly asserts that he cannot exhaust his claims because the State of Michigan has eliminated the right of a prisoner to appeal a parole denial. *See* 28 U.S.C. § 2254(b)(1);

*O'Sullivan*, 526 U.S. at 842. Consequently, Petitioner has no available state court remedy in which to exhaust his claims.

        III.      Due Process

Petitioner claims that he was denied parole in violation of his due process rights. To sustain such a claim, Petitioner must first establish that he has a liberty interest in parole that is entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of Pardons v. Allen*, 482 U.S. 369 (1987). Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that Michigan's parole system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward*

*v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). The Michigan Supreme Court also has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held in unpublished decisions that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the Board's discretion to grant or deny parole, and because it requires the Board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with

the discretion of the Board." *Carnes*, 2003 WL 22177118, at *1.  Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it lacks merit.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage

in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. It is well established that Michigan's parole scheme does not create a liberty interest in parole. Therefore, the Court will deny Petitioner a certificate of appealability.

A Final Order shall issue consistent with this Opinion.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    October 5, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |